**quinn emanuel** trial lawyers | washington, dc

51 Madison Ave, 22nd Floor, New York, New York 10010 TEL (212) 849 7000 FAX (212) 849 7100

November 7, 2023



<u>VIA ECF</u>
Honorable Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 618
New York, New York 10007

    Re:    <u>In Re CT Group Holdings Limited</u>, Case No. 1:23-MC 00403

Dear Judge Failla:

    Pursuant to Your Honor's Individual Practice Rules, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 5.2(b) and 7.1(d), and the United States District Court, Southern District of New York's Sealed Records Filing Instructions ("<u>Filing Instructions</u>"), Petitioner CT Group Holdings Limited ("<u>CT Group</u>" or the "<u>Petitioner</u>") respectfully submits this Letter Motion for Leave to File Under Seal Certain Portions of Petitioner's 1782 Application And Petition For An Order To Conduct Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "<u>1782 Application</u>").

    ***Background***.  Petitioner's 1782 Application seeks discovery for use in an ongoing proceeding before the High Court of England and Wales, Commercial Court (the "<u>UK Proceedings</u>") related to proceedings before the Royal Courts of Jersey and Guernsey (respectively, the "<u>Jersey Proceedings</u>" and the "<u>Guernsey Proceedings</u>").[1]  Petitioner is a party to the UK Proceedings but not to the Jersey and Guernsey Proceedings.  The proceedings in the Jersey and Guernsey Courts are subject to privacy orders, which Petitioner is not subject to and has not been provided with.  One of the parties to the Jersey and Guernsey Proceedings has been granted permission by the Jersey Court to use several documents filed in the Jersey Proceedings for the purpose of seeking further information from Petitioner in relation to the Records, including by an application for *Norwich Pharmacal* relief before the High Court of England and Wales (*i.e.* the UK Proceedings).  This application was filed on October 13, 2023.

    In letters dated September 22, 2023, September 29, 2023, October 23, 2023, and October 31, 2023 between Quinn Emanuel, Urquhart & Sullivan LLP ("<u>QE</u>") and counsel to the abovementioned party to the Jersey and Guernsey Proceedings, Joseph Hage Aaronson LLP ("<u>JHA</u>"), QE repeatedly asked JHA to confirm that it had permission to use the documents enclosed with its 'Letter of Claim', dated September 20, 2023, for a collateral purpose, and was asked to provide any relevant orders from the Jersey and Guernsey courts.  In letters in reply dated

---

[1]  Further details regarding Petitioner's involvement and the above-described threatened application against Petitioner are included in Dkt. No. 5, Declaration of Edward Greeno In The Matter Of CT Group Holdings Limited For An Order To Conduct Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. § 1782 ¶¶ 7–33. Defined terms are adopted from the Declaration.

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

September 25, 2023 and October 25, 2023, JHA refused to provide any of the documents or orders sought by Petitioner in the aforementioned correspondence.  In correspondence from QE to JHA in letters dated September 29, 2023, October 23, 2023, and October 31, 2023, QE repeatedly asked JHA to confirm whether its client would oppose the 1782 Application.  JHA did not respond to QE's letter of September 29, 2023 and refused to confirm whether its client would oppose the 1782 Application in a letter dated October 25, 2023.

On October 27, 2023, QE filed the present 1782 Application on behalf of Petitioner seeking evidence for use in the UK Proceedings.  In its 1782 Application, QE was cautious to rely only on information and documents attached to open correspondence received from JHA, public information obtained from open sources, non-confidential documents received by Petitioner directly, including the Records, or documents that have been filed in respect of the *Norwich Pharmacal* Application (an open proceeding in the Commercial Court of England and Wales).  Petitioner is not in a position to know whether the privacy orders granted in the Jersey and Guernsey Proceedings purport to extend to the 1782 Application.  Indeed, Petitioner has requested the relevant privacy orders or materials relating to confidentiality in the Jersey and Guernsey proceedings on *five separate occasions*, and to be able to view the relevant permission (whether a court order otherwise) *three times*—all to no avail.

On November 1, 2023, QE received a letter from JHA, on its client's behalf, alleging Petitioner's breach of the privacy orders made by the Jersey and Guernsey Courts—notwithstanding that the Petitioner is not party nor privy to such orders—as well as obligations of confidentiality Petitioner allegedly undertook, and that Petitioner circumvented its client's application for confidentiality restrictions in respect of her *Norwich Pharmacal* Application.  JHA requested that Petitioner withdraw its 1782 Application and remove all documents from the court file or obtain an order sealing them.  On November 2, 2023, QE received a letter from English solicitors Mishcon de Reya ("MdR") on behalf of the other parties to the Jersey and Guernsey Proceedings, making similar allegations and similar requests to those contained in the letter received from JHA on November 1, 2023.

In these circumstances and out of an abundance of caution, given that Petitioner has not been allowed access to the privacy orders granted in the Jersey or Guernsey Proceedings, Petitioner hereby moves for the sealing and redaction of relevant parts of the 1782 Application in order to avoid any possibility of prejudice to the Jersey and Guernsey Proceedings that may be caused by the information in the 1782 Application being made public.  As Petitioner is unable to review the privacy orders, Petitioner's proposed redactions and sealings reflect JHA's requested redactions and sealings, which are based on JHA's representations of the content protected by the privacy orders.

***Jurisdiction***.  This Court has jurisdiction over this proceeding as it concerns an application made pursuant to 28 U.S.C. § 1782 ("Section 1782"), seeking the discovery from persons based in this district.  Section 1782, in relevant part, states

> The district court of *the district in which a person resides or is found* may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made . . . upon the application of any interested person.

28 U.S.C. § 1782 (emphasis added). The Application seeks documents in the possession of the following Respondents: The Clearing House Interbank Payments System ("CHIPS") and the Federal Reserve Bank (together with CHIPS, the "Respondents").

Both of these Section 1782 Respondents reside or are "found" in this district because both are domiciled and work in the district.[2] *In re Operacion Y Supervision De Hoteles*, 14 Misc. 82 (PGG), 8 (S.D.N.Y. Dec. 31, 2014) ("[Respondent] resides and can be found in the Southern District of New York, given that he resides in Westchester County and maintains a place of business in Manhattan."); *In re Republic of Kazakhstan for an Order Directing Discovery from Clyde & Co. LLP Pursuant to 28 U.S.C. sec. 1782*, 110 F. Supp. 3d 512, 515 (S.D.N.Y. 2015) ("daily practice of [profession] in this jurisdiction gives it the requisite 'systematic and continuous' presence to be 'found' here for purposes of section 1782."). CHIPS is headquartered in New York, and the Federal Reserve Bank is headquartered in New York.

*Argument*. "Although the right of public access to court records is firmly entrenched and well supported by policy and practical considerations, the right is not absolute." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). This Court thus has discretion to order the filing of documents under seal if a "party . . . can demonstrate a sufficiently compelling justification for such action." *In re Omnicom Grp., Inc. Sec. Litig.*, No. 02-4483, 2006 WL 3016311, at *1-2 (S.D.N.Y. Oct. 23, 2006). "Every court has supervisory power over its own records and files, and access [can be] denied where court files might have become a vehicle for improper purposes." *United States v. Amodeo*, 44 F.3d 141, 146, (2d Cir. 1995) (*Amodeo I*) (citation omitted).

The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal. *See Mut. Marine Office, Inc. v. Transfercom Ltd.*, 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009).

First, a court must determine whether the presumption of access attaches, which occurs when a document constitutes a "judicial document," or an "item . . . relevant to the performance of the judicial function and useful in the judicial process." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir.2006).

Second, if the court finds the item at issue to be a "judicial document," the court must then determine the weight of the presumption of access. *Id.* "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Id.*

After deciding the weight of the presumption of access, the court "balance[s] competing considerations against it" by considering "countervailing factors includ[ing] but ... not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *In re Hornbeam Corp.*, No. 14-MC-424, 2022 WL 60313, at *2 (S.D.N.Y. Jan. 6, 2022) (quoting *Mut. Marine Office, Inc. v. Transfercom Ltd.*, No. 08 Civ. 10367(PGG), 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009)).

---

[2] Dkt. No. 6, Bento Decl., Exs. 6–9.

  While Petitioner's 1782 Application and supporting Memorandum of Law and declarations are undoubtedly judicial documents, Petitioner's proposed redactions meet the *Lugosch v. Pyramid Co. of Onondaga* standard of being narrowly tailored to fit the purpose of the redaction.  435 F.3d 110, 119-20 (2d Cir. 2006); Local Rule 9(B).  The information Petitioner seeks to redact is solely personal identifying information of the individuals and entities involved in the Jersey and Guernsey Proceedings, who are allegedly under the protection of a privacy order.  Courts in this District have granted the redaction of personal identifying information—even within judicial documents—when such information is "not central to the Court's exercise of Article III power, and the limited presumption of public access to this information is overcome by . . . privacy concerns."  *Farrell v. City of New York*, No. 1:23-CV-04329 (JLR), 2023 WL 3936725, at *2 (S.D.N.Y. June 9, 2023).  Privacy interests further outweigh the public interest in disclosure where those privacy interests belong to non-parties.  *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) ("The personal information of non-parties, including e-mail addresses, is not relevant to the adjudication of the motions at hand.").  The privacy interests at issue here have no bearing on this Court's ability to decide the 1782 Application, and they correspond to individuals and entities that are not Respondents to the 1782 Application and so outweigh any presumption of public access.

  In addition, Petitioner's Exhibits to its 1782 Application include documentation filed in the Jersey and Guernsey Proceedings that are allegedly protected by the privacy order.  According to the correspondence QE received on November 1–2 from counsel to the parties to the Jersey and Guernsey Proceedings, the publication of this documentation may jeopardize the integrity of the ongoing Jersey and Guernsey Proceedings.  In order to avoid "impairing . . . judicial efficiency" in these foreign Proceedings, Petitioner requests that this Court permanently seal Dkt. Nos. 1, 3–6; allow Petitioner to file redacted versions publicly, and unredacted versions under seal, of Dkt. Nos. 1, 3–6; and to file Dkt. No. 5-7 (Affidavit filed in Jersey Proceedings) under seal in its entirety, while providing a full, unredacted courtesy copy thereof to the Court..

  Lastly, the potential harm that the 1782 Application's publication may bring to Petitioner outweighs the public interest in its disclosure.  Petitioner is confronted with a situation where (i) it is accused of having breached the privacy orders in the Jersey and Guernsey Proceedings and (ii) it is not in a position to review the relevant privacy orders as it is not party to the Jersey or Guernsey Proceedings.  Petitioner thus seeks to protect the privacy interests allegedly violated by the publication of the 1782 Application by requesting that this Court allow Petitioner to seal and redact the relevant filings as described in the preceding paragraph.

Respectfully Submitted,

*/s/ Lucas Bento*

```
Application GRANTED.  The Clerk of Court is directed to maintain
docket entries 1, 3, 4, 5, 6, and 11 under seal.  The Clerk of Court
is further directed to terminate the pending motion at docket entry 9.
```

Dated: November 8, 2023
    New York, New York

SO ORDERED.

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

-4-