## SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

November 28, 2023



Via ECF

The Honorable Katherine Polk Failla,
    United States District Court for the
    Southern District of New York,
        Thurgood Marshall United States Courthouse,
            40 Foley Square, Room 618,
                New York, New York 10007.

         Re:    *In Re CT Group Holdings Limited*, Case No. 1:23-MC-00403

Dear Judge Failla:

        I write on behalf of Linda May Green in response to Petitioner CT Group Holdings Limited's letter to the Court of November 27, 2023. (ECF No. 26.) At bottom, Petitioner's letter concedes that Ms. Green should be permitted to intervene in these proceedings and consents to that relief. But I nonetheless write briefly to address certain issues that, respectfully, Petitioner's letter obscures.

        *First*, while Petitioner consents to Ms. Green's motion to intervene, it argues that she should be permitted to intervene for "limited purposes" only. Petitioner offers no rationale or authority for why Ms. Green's intervention should be limited. In her motion, Ms. Green laid out the reasons why she is entitled to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, as well as the reasons why she should be permitted to intervene under Federal Rule 24(b). Petitioner does not contest either proposition. For those reasons, Ms. Green's motion should be granted, and she should be able to participate in the proceedings as any other party. *See Chao* v. *Loc. 1104 Comm'ns Workers of Am.*, 2007 WL 1231616, at *3 (E.D.N.Y. Apr. 26, 2007) ("Once intervention is granted, the intervenor becomes a party entitled to litigate fully on the merits of the action.") (citing *In re Oceana Int'l, Inc.*, 49 F.R.D. 329, 333-34 (S.D.N.Y. 1970)).

        *Second*, Petitioner asserts that "the timing and manner of Ms. Green's Motion to Intervene is peculiar." (ECF No. 26 at 1.) Leaving aside that nothing in Petitioner's letter supports that assertion, CT Group does not claim that Ms. Green's motion was "untimely"—the only "timing" consideration that matters for purposes of the Court's consideration of Ms. Green's motion. Nor could it reasonably have taken that positon. CT Group did not claim exigency in its Section 1782 Application (*see* ECF No. 13), so

Hon. Katherine Polk Failla -2-

there is no basis for its presumption that the Court would rule on the Application immediately after its filing. Ms. Green certainly did not share in that presumption. Rather, after Ms. Green learned of the Application and took time to consider the relevant circumstances, she made a deliberate decision to move to intervene in the proceedings and instructed counsel to prepare and file the motion papers. She did not miss any deadline in making her filing. Nor is there anything improper about the fact that Ms. Green filed her motion after Petitioner sought expedited consideration of it. In light of that request and the Court's ruling on it, Ms. Green promptly filed her motion to ensure that she could participate in the proceedings before any substantive decision was issued. (*See* ECF No. 22, ECF No. 24.)

There also is no merit to CT Group's complaints about the manner in which Ms. Green moved to intervene in these proceedings. Contrary to GT Group's argument, neither this Court's rules nor the Local Civil Rules required Ms. Green to "consult[] with petitioner's counsel prior to the filing" of her motion. Indeed, the rule that Petitioner cites in support of that incorrect premise, Rule 3.C. of Your Honor's Individual Rules, which modifies Local Civil Rule 37.2, applies only to *parties* to a proceeding (not to Ms. Green, who is not yet a party to this proceeding, hence her motion to intervene in it), and concerns a meet-and-confer requirement related to *discovery disputes* (not motions for intervention).

*Third*, Petitioner's argument that Ms. Green has no need to be concerned about confidential treatment of sensitive materials ignores reality. Petitioner claims it has demonstrated its commitment to protecting sensitive or confidential information subject to protective orders in the foreign proceeding by making "every effort to seal the so-called confidential information as quickly as possible." (ECF No. 26 at 2.) While Ms. Green appreciates that CT Group took steps to remove sensitive information from the documents it filed publicly, after Ms. Green demanded it do so, CT Group never should have filed those documents publicly in the first place.[1] Moreover, CT Group continues to take the position—including in its November 27 letter—that the information at issue is *not* entitled to confidential treatment. (*See* ECF No. 9 at 1; ECF No. 26 at 2.) Given those facts, Ms. Green has an interest in ensuring that appropriate confidentiality protections are in place in this proceeding. In any event, CT Group does not maintain that its disagreement about the merits of Ms. Green's confidentiality concerns militate against her intervention.

*Fourth*, CT Group insists that Ms. Green should not be concerned that Petitioner might mischaracterize or misuse any discovery it obtains. But as Ms. Green explained in her motion, the report that CT Group prepared in connection with proceedings abroad contains what Ms. Green understands to be forged bank records, and CT Group has continued to stand by its report notwithstanding that the banks referenced in it have refuted

---

[1]   CT Group's improper filing had real consequences: Ms. Green continues to this day to work to get public reports of sensitive information removed from third parties' websites.

Hon. Katherine Polk Failla                                                                                                          -3-

the report's conclusions. On those facts, Ms. Green has good reason to want to see any discovery produced in order to be able to fact-check what CT Group might say about it.

*Fifth*, Petitioner mischaracterizes Ms. Green's motion by pretending that "Ms. Green bemoans that 'the Court has not yet issued any scheduling order governing this action, and has not set a deadline by which Respondents—or any interveners, for that matter—may respond to the Petition.'" (ECF No. 26 at 2.) As is clear from her motion, Ms. Green made no such complaint. Rather, Ms. Green pointed out that her motion was timely filed given that the Court had not previously issued any scheduling order on the Application, nor set any deadlines by which a party must respond. Notwithstanding its protestations to the contrary, Petitioner knows well that courts frequently issue orders setting deadlines for respondents to be heard on a Section 1782 application.[2] Moreover, regardless of whether CT Group thinks it was unreasonable for Ms. Green to believe that the Court might issue such an order, CT Group does not even argue that those facts show that Ms. Green's motion is untimely. That is because it undoubtedly is not.[3]

                                                                                                Respectfully submitted,

                                                                                              */s/ Matthew J. Porpora*
                                                                                              Matthew J. Porpora

cc:       All Counsel of Record

---

[2]    *See, e.g.*, *Ayyash* v. *Crowe Horwath LLP*, 2018 WL 637376, at *1 (S.D.N.Y. Jan. 18, 2018) (ordering "Respondents to file a response to Petitioner's application within two weeks"); *Application of Alberto Safra for an Order to take Discovery for use in foreign proceedings pursuant to 28 U.S.C. 1782*, No. 1:21-mc-00640-GHW-JLC, ECF No. 8 (S.D.N.Y. Aug. 7, 2021) (ordering that "[a]ny opposition to the Application must be served" within three weeks of order date); *In Re: Ex Parte Application Of Porsche Automobil Holding Se For An Order Pursuant To 28 U.S.C. 1782 Granting Leave To Obtain Discovery For Use In Foreign Proceedings*, No. 1:19-mc-00166-RA, ECF No. 14 (S.D.N.Y. Apr. 17, 2019) (setting deadline to respond to application).

[3]    *See, e.g.*, *Republic of the Philippines* v. *Abaya*, 312 F.R.D. 119, 122-23 (S.D.N.Y. 2015) (Failla, J.) (finding motion to intervene timely despite being filed a year after the proceedings were initiated); *In re Costa Pinto*, 2022 WL 4088012, at *2-3 (S.D.N.Y. Sept. 6, 2022) (finding motion to intervene timely when filed five months after proceedings were initiated); *In re Keurig Green Mountain Single-serve Coffee Antitrust Litig.*, 2021 WL 1393336, at *1-2 (S.D.N.Y. Apr. 13, 2021) (finding motion to intervene was timely when filed within two months of initiation of proceedings) (citing *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc.* v. *New York*, 2020 WL 5658703, at *7 (S.D.N.Y. Sept. 23, 2020) (collecting cases where courts have granted as timely motions to intervene where the movants waited three months or longer)).

The Court is in receipt of Ms. Green's motion to intervene (Dkt. #24-25); Petitioner's response (Dkt. #26); and Ms. Green's above reply (Dkt. #27).

For substantially the reasons set forth in her motion, the Court hereby GRANTS Ms. Green's motion to intervene.  The Court takes no position as to any issue other than Ms. Green's right to intervene in this proceeding.

The Clerk of Court is directed to terminate the pending motion at docket entry 24.

Dated:    November 28, 2023          SO ORDERED.
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE