quinn emanuel trial lawyers | washington, dc

51 Madison Ave, 22nd Floor, New York, New York 10010 TEL (212) 849 7000 FAX (212) 849 7100

December 12, 2023

**VIA ECF**
Honorable Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 618
New York, New York 10007



Re:   *In Re CT Group Holdings Limited*, Case No. 1:23-MC-00403

Dear Judge Failla:

Pursuant to Your Honor's Individual Practice Rules, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 2(c), Petitioner CT Group Holdings Limited ("CT Group" or the "Petitioner") respectfully submits this Letter Motion to Stay Consideration of Petitioner's 1782 Application And Petition For An Order To Conduct Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "1782 Application") and to inform this Court of a recent update in the Foreign Proceeding.

On November 17, 2023, Dkt. No. 20, Petitioner informed the Court that there would be a hearing in the Foreign Proceeding on November 30, 2023, where the court in the Foreign Proceeding would decide whether to grant the relief sought by Linda. Yesterday, that court issued its ruling in favor of Petitioner, which is attached hereto as **Exhibit 01** to the Supplemental Greeno Declaration ("Suppl. Greeno Decl."). The favorable ruling notwithstanding, there is a possibility that Linda will appeal the foreign court's ruling, which would preserve Petitioner's need for the discovery sought in Petitioner's 1782 Application. Greeno Suppl. Decl., ¶ 5. As such, Petitioner respectfully moves that this Court stay its consideration of the 1782 Application for five weeks, which will allow sufficient time for the Foreign Proceeding to be concluded either through a hearing or on the papers, per paragraph 3 of the court's order, which is attached hereto as Exhibit 02 to the Suppl. Greeno Decl., or continued through any appeal filed by Linda.

"Five factors are relevant to assessing whether a stay is appropriate: (1) plaintiff's interest in proceeding expeditiously balanced against prejudice to plaintiffs attendant to a stay; (2) the interests of defendants and any burden on them; (3) the interest of the Court in ensuring an efficient resolution of the case; (4) the interest of any third parties to the litigation; and (5) the public's interest." *GTFM, Inc. v. Park*, 2002 WL 31890940, at *2 (S.D.N.Y. Dec. 30, 2002).

Petitioner's request satisfies each of these criteria. First, Linda's potential appeal of the foreign court's order may put at issue the exact discovery Petitioner seeks in its present 1782 Application, thus preserving Petitioner's continued need for the evidence sought in its

Application.[1]  Staying consideration of Petitioner's 1782 Application would relieve Petitioner from the burden of preparing the same Application again in 21 days and thus allow Petitioner to focus its efforts on the Foreign Proceedings.  And it would do the same for Linda, who, absent a stay, would presumably need to re-prepare and re-submit her Motion to Intervene once the 1782 Proceedings are recommenced.  Granting a stay would save this Court from needing to re-review and re-rule on all of the papers before it.  Given the very short window of time during which consideration of the Application would be stayed, in addition to its remaining on the Court's public docket, no public interest would be compromised by granting a stay.

Further, "[t]he [Court's] broad authority to grant a stay extends to 28 U.S.C. § 1782 proceedings."  *See In re Application of Alves Braga*, 789 F. Supp. 2d 1294, 1307–08 (S.D. Fla. 2011) (granting motion to stay 1782 application in part where a ruling in the Brazilian appeal would resolve the question of whether trustee had the right to discovery); *In re Merck & Co., Inc.*, 197 F.R.D. 267, 271 (M.D.N.C.2000) (staying ruling on *ex parte* § 1782 application pending notification to all interested parties of their right to file a formal response); *In re Imanagement Services Ltd.*, No. Misc. 05–89(FB), 2005 WL 1959702, *1 (E.D.N.Y. Aug. 16, 2005) (noting that discovery had been stayed "pending briefing and oral argument" on objections to application for discovery pursuant to 28 U.S.C. § 1782); *Kennedy v. Aegis Media Ams., Inc.*, No. 20-cv-3624, 2021 WL 4077946, at *1 (S.D.N.Y. Sept. 7, 2021) ("A district court's power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.").

For the reasons stated above, staying consideration of Petitioner's 1782 Application would promote the efficient resolution of the Foreign Proceeding through its final resolution.  *See Pfaff v. Deutsche Bank AG*, No. 20 MISC. 25 (KPF), 2020 WL 3994824, at *4 (S.D.N.Y. July 15, 2020) (Failla, J.) (noting that one of the twin aims of § 1782 is "providing efficient means of assistance to participants in international litigation in our federal courts"), Petitioner therefore respectfully requests that the Court stay its consideration of the Application for five weeks.  Suppl. Greeno Decl. ¶ 5.  Should the Court grant Petitioner's request for a stay, Petitioner proposes to update the Court when that date has passed and inform the Court of any change in circumstances that would affect the Court's decision to either lift the proposed stay or dismiss the 1782 Application.

Respectfully Submitted,

/s/ Lucas Bento

---

[1]  *See, e.g.*, *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 924 (N.D. Cal. 2014) (permitting discovery for use in a German proceeding even where the German litigation was on appeal, despite the respondent's argument that the "odds" that the German appeals court would reverse and consider the issue as to which discovery was sought were "vanishingly small").

Application GRANTED. The Court hereby STAYS consideration of Petitioner's Application And Petition For An Order To Conduct Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. § 1782. Petitioner is hereby ORDERED to submit a letter requesting that the Court lift the stay, dismiss this action, or otherwise on or before **January 19, 2024.**

The Clerk of Court is directed to terminate the pending motion at docket entry 31.

Dated:    December 15, 2023          SO ORDERED.
          New York, New York

                                     *[signature]*

                                     HON. KATHERINE POLK FAILLA
                                     UNITED STATES DISTRICT JUDGE