UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE CT GROUP HOLDINGS LIMITED FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 23-MC-00403 |

**DECLARATION OF EDWARD GREENO**

I, Edward Greeno, pursuant to 28 U.S.C. § 1746, hereby declare, under penalty of perjury under the laws of the United States, as follows:

1. I submit this declaration in connection with CT Group Holdings Limited ("CT Group" or "Petitioner")'s *Ex Parte* Application and Petition For An Order To Conduct Discovery From ẽ Clearing House Payments Company LLC ("CHIPS") and ẽ New York Federal Bank of New York ("Federal Reserve Bank" and, together with CHIPS, the "Respondents") For Use In A Foreign Proceeding Pursuant To 28 U.S.C. § 1782 ("1782 Application"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the 1782 Application and accompanying Memorandum of Law.

I.  DEVELOPMENTS IN THE ▮▮▮▮▮▮

2. As explained in my Declarations of December 12, 2023, and January 19, 2024, filed in the present 1782 action, judgment in the ▮▮▮▮▮▮ was handed down on December 11, 2023, and Linda was denied *Norwich Pharmacal* relief against Petitioner.

3. Petitioner and Linda consented to an Order that the time for making an application for permission to appeal shall only begin to run upon a further hearing taking place (the "**Consequentials Hearing**") or a further Order being made by the Court. Furthermore, any application for permission to appeal to the ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ shall be that directed at a Consequentials Hearing or in any further Order of the

1

▇▇▇▇▇▇. The Order was made by ▇▇▇▇▇▇ on December 12, 2023, a copy of which is attached hereto as **Exhibit 01**.

4. Following discussions between the Parties, on February 20, 2024, the Court made an Order that (the "**Order**"):

    A.  any application by Linda to the ▇▇▇▇▇▇ for permission to appeal shall be made in writing by no later than 4 pm on February 29, 2024; and

    B.  the time for making any application for permission to appeal directly to the ▇▇▇▇▇▇ shall be:

        i.  March 14, 2024, if Linda does not make an application for permission to appeal by February 29, 2024 (as provided for by paragraph 4(A) above); or

        ii.  as directed by the ▇▇▇▇▇▇, if Linda does make such an application for permission to appeal.

5. A copy of the Order is attached hereto as **Exhibit 02**.

## II.   LIKELY TIMELINE FOR AN APPEAL

6. If Linda makes an application for permission to appeal, I anticipate that the ▇▇▇▇▇▇ will deliver a ruling by March 25, 2024. If permission to appeal is granted, the latest date at which it is likely to become clear to Petitioner whether Linda's appeal will put the subject matter of the 1782 Application in issue will be the date on which her skeleton argument is due, which is likely to be April 15, 2024.

7. Alternatively, if Linda makes an application for permission to appeal and it is denied, she will be permitted to make an application directly to the ▇▇▇▇▇▇. e` standard timeframe for permission to appeal to the ▇▇▇▇▇▇ is 21 days from the date of the decision of the lower court which the appellant wishes to appeal (per ▇▇▇▇▇▇ is` process is complex and depends heavily on the timing of certain decisions

made by Linda, but I anticipate that the latest date on which Petitioner will know whether the subject matter of the 1782 Application will be in issue is May 27, 2024.

8.  It is also possible that Linda will make a direct application to the ▮▮▮▮ instead of seeking permission from the ▮▮▮▮. Should she elect this option, she must do so by March 14, 2024 (as set out in paragraph 4 above).

### III. PETITIONER'S REQUEST THAT THE STAY OF THE 1782 APPLICATION BE CONTINUED

9.  On 15 December 2023, the Court endorsed Petitioner's Letter Motion to Stay Consideration of Petitioner's 1782 Application for five weeks. On 22 January 2024, the Court granted an Order extending Petitioner's Letter Motion to Continue the Stay. Petitioner was ordered to submit a letter requesting that the Court lift the stay, dismiss the action, or otherwise, on or before February 23, 2024.

10. Petitioner proposes that the 1782 Application be stayed for a further thirteen weeks, until the latest probable relevant date of May 27, 2024, to allow time for the appeals process to run its course, and for it to become clear to Petitioner whether or not the subject matter of the 1782 Application is likely to be an issue in any appeal, if one is sought by Linda. Petitioner expects that this would become clear upon the filing of appeal skeleton arguments. If Linda decides to appeal, and puts the subject matter of the 1782 Application in issue in any such appeal, the discovery sought by the 1782 Application will naturally be relevant for the purpose of that appeal.

11. Petitioner will inform the Court within 48 hours of any change in circumstances that would impact the Court's decision to either lift the proposed stay or dismiss the 1782 Application; for example, if Linda does not seek permission to appeal by February 29, 2024, and does not make an application for permission to appeal to the ▮▮▮▮ by

3

March 14, 2024. If Linda takes neither of those actions, then it will be clear by March 14, 2024, that she does not intend to appeal.

      I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 under the laws of the United States that the foregoing is true and correct.

Executed on February 23, 2024
in London

 

_____
Edward Greeno