quinn emanuel trial lawyers | washington, dc

51 Madison Ave, 22nd Floor, New York, New York 10010 TEL (212) 849 7000 FAX (212) 849 7100

February 23, 2024

**VIA ECF**
Honorable Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 618
New York, New York 10007



Re:   *In Re CT Group Holdings Limited*, Case No. 1:23-MC-00403

Dear Judge Failla:

Pursuant to Your Honor's Individual Practice Rules, the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 2(c), Petitioner CT Group Holdings Limited ("CT Group" or the "Petitioner") respectfully submits this Letter Motion to Extend the Court's Stay of Consideration of Petitioner's 1782 Application And Petition For An Order To Conduct Discovery For Use In Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "1782 Application") ("Letter Motion to Extend Stay") and to inform this Court of a recent update in the Foreign Proceeding.

On January 19, 2024, Dkt. No. 37, Petitioner updated the Court that, following a favorable ruling for Petitioner by the foreign court on December 11, 2023, Linda had yet to appeal the foreign court's ruling, or to seek the hearing that would trigger her right to appeal (the "Consequentials Hearing").[1]  Petitioner further explained that, per a December 12, 2023 order by the foreign court, the time period for Linda to appeal the foreign court's ruling would not begin to run until a Consequentials Hearing had been held, which would determine any application for permission to appeal and the award of costs and attorney fees.  *Id.*; Ex. 1 to Greeno Decl.

Petitioner now writes to update the Court that, on February 20, 2024, the court in the Foreign Proceeding issued an order, Ex. 2, dictating (1) that Linda must apply directly to the foreign court for permission to appeal the foreign court's ruling by February 29, 2023, and that (2) if the foreign court denies her permission to appeal, Linda may apply for permission to appeal directly from the foreign court of appeal at a date determined by the foreign court, or (3) in the alternative, Linda may appeal directly to the foreign court of appeal by March 14, 2024.  Greeno Decl. ¶¶ (4)(A)–(B).

---

[1] A Consequentials Hearing will determine any application for permission to appeal and the award of costs and attorneys fees.  Once the Consequentials Hearing takes place, or any further Order is made by the foreign judge, Linda will have 21 days to file a notice to appeal, after which Linda will have 7 days to serve such notice on Petitioner. Dkt. No. 39 at 2 n.1.

quinn emanuel urquhart & sullivan, llp
LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE | BOSTON
LONDON | TOKYO | MANNHEIM | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS | ZURICH | SHANGHAI | PERTH | STUTTGART

Petitioner estimates that, should Linda seek permission to appeal from the foreign court by February 29, the foreign court will deliver its ruling by March 25, 2024, and that, should the foreign court grant Linda permission to appeal, Linda will appeal by April 15, 2024 at the latest. *Id.* ¶ 6. In the event the foreign court denies Linda permission to appeal and Linda seeks permission to appeal directly from the foreign appeals court, Petitioner predicts that Petitioner will know whether Petitioner will still need the information at issue in this 1782 Application by May 27, 2024.[2] Petitioner anticipates that it will be aware as to whether the 1782 Application is relevant to any appeal brought by Linda by this time and whether future extensions of the stay will be necessary.

For the same reasons laid out in Petitioner's Letter Motion to Stay Consideration of Petitioner's 1782 Application, Dkt. No. 31, which this Court granted, Dkt. No. 35, Petitioner respectfully requests that this Court extend its stay of consideration of Petitioner's Application for another thirteen weeks, which will allow the appeals permission process to run its course and allow Petitioner to understand with greater certainty whether the information at issue in this 1782 Application is likely to be at issue in any appeal sought by Linda. Greeno Decl. ¶ 10. Petitioner will inform the Court within 48 hours of any change in circumstances that would impact the Court's decision to either lift the proposed stay or dismiss the 1782 Application. *Id.* ¶ 11.

Respectfully Submitted,

/s/ *Lucas Bento*

```
Application GRANTED.  The Court's consideration of Petitioner's
Application And Petition For An Order To Conduct Discovery For
Use In Foreign Proceedings Pursuant to 28 U.S.C. § 1782 remains
STAYED.  Petitioner is hereby ORDERED to submit a letter
requesting that the Court lift the stay, dismiss this action, or
otherwise on or before May 31, 2024.

The Clerk of Court is directed to terminate the pending motion
at docket entry 43.


Dated:    February 26, 2024          SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

[2] While this appeals process is complex and its timing depends heavily on the timing of Linda's decisions, the standard timeframe for seeking permission to appeal from the foreign court of appeal is 21 days from the date of the decision of the lower court. Greeno Decl. ¶ 7.